356

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4852 | **DATE** | 6/28/2001 |
| **CASE TITLE** | Michael Gorzelanczyk vs. Mary Baldassone, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

| | | |
|---|---|---|
| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry]  Enter Memorandum Opinion and Order. In any case, the plain absence of subject matter jurisdiction in this federal court compels dismissal of both the Complaint and this action, and this Court so orders. |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL - 2 2001 date docketed | 2 |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | 15 docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | | |
| | | 01 JUN 29 PM 3:36 | 6/29/2001 date mailed notice | |
| SN | courtroom deputy's initials | | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL GORZELANCZYK, )
)
Plaintiff, )
)
v. ) No. 01 C 4852
)
MARY BALDASSONE, et al., )
)
Defendants. )

MEMORANDUM OPINION AND ORDER

Michael Gorzelanczyk ("Gorzelanczyk") has just sued Mary Baldassone ("Baldassone") and Cook County State's Attorney Richard Devine, purporting to invoke federal question jurisdiction under the auspices of 42 U.S.C. §1983 ("Section 1983"), which allows the assertion of federal constitutional claims against state actors. For the reasons stated in this memorandum opinion and order, however, this Court dismisses both the Complaint and this action sua sponte because of the patent absence of such federal jurisdiction.[1]

Gorzelanczyk complains of a series of state court child

---

[1] Our Court of Appeals has reconfirmed in Cook v. Winfrey, 141 F.3d 322, 325 (7th Cir. 1998):

> It is axiomatic that a federal court must assure itself that it possesses jurisdiction over the subject matter of an action before it can proceed to take any action respecting the merits of the action. "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" Steel Co. v. Citizens for a Better Environment, 118 S.Ct. 1003, 1012 (quoting Mansfield C.& L.M.R. Co. v. Swan, 111 U.S. 379, 382).

support orders and related enforcement proceedings, all of which stem from an August 31, 1994 determination by the Circuit Court of Cook County described in Complaint ¶10:

> On August 31, 1994, upon a motion to reconsider, the Circuit Court ruled that there was a statutory presumption that Plaintiff was the father of the minor child [born to Mary Baldassone], and Plaintiff failed to rebut the presumption. There was no determination by the Circuit Court that Plaintiff was the father of the minor child.

Gorzelanczyk seeks to hang his hat on the propositions (1) that Illinois law (750 ILCS 45/15(a)) requires the declaration of a parent-child relationship before any enforcement of the consequences of such relationship may take place, but that no such declaration has been made by the Circuit Court (Complaint ¶¶11-12), and (2) that the alternative of a temporary order for child support (under 750 ILCS 45/13.1) was not properly obtained either (Complaint ¶¶14-15).

But Gorzelanczyk has addressed those challenges to a <u>federal</u> and not to a <u>state</u> court, and that effort is fatally flawed in more than one respect. No extended discussion is needed to identify the impermissibility of Gorzelanczyk's attempt to seek federal judicial assistance to resolve his contentions.

For one thing, State's Attorney Devine enjoys absolute immunity for conduct undertaken (as Gorzelanczyk admits is the case, see Complaint ¶8) within the scope of the State's Attorney's designated prosecutorial authority (see, e.g., <u>Burns</u>

v. Reed, 500 U.S. 478 (1991), following and applying Imbler v. Pachtman, 424 U.S. 409 (1976)). And that is so even if, as Gorzelanczyk claims, State's Attorney Devine has been mistaken (or even malicious, which Gorzelanczyk does not assert) in doing so (see such cases as Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994)).

Even more fundamentally, because this operates to bar any claim here against either defendant, Gorzelanczyk is seeking to have this Court second-guess the judgments of an Illinois state court on matters of Illinois law (indeed, all of his objections flow from the original 1994 judgment that has long since become final). It is not simply that the Illinois court has assertedly violated state law (a contention that would not implicate Section 1983 at all), but rather than the state court orders also assertedly violate Gorzelanczyk's rights under the federal Constitution.

But that last contention, when sought to be tendered to this federal court, runs head on into the brick wall of the Rooker-Feldman doctrine (Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)). Rooker-Feldman precludes any such attempted resort to any federal court below the level of the United States Supreme Court--if Gorzelanczyk believes that the Illinois courts have violated his federal constitutional rights, his only

potential federal judicial remedy is limited to seeking review of the Illinois courts' judgments in that ultimate Supreme Court forum (see the extended explanation of the Rooker-Feldman doctrine and its application in Manley v. City of Chicago, 236 F.3d 392, 396 (7th Cir. 2001)).

Those principles are so fundamental to federal jurisprudence that the Complaint might have been expected to be the work product of a pro se plaintiff unlettered in law. But in fact a lawyer prepared that pleading for Gorzelanczyk--someone obviously lacking in those fundamentals and without having done the necessary homework to cure his gaps in knowledge. In any case, the plain absence of subject matter jurisdiction in this federal court compels dismissal of both the Complaint and this action, and this Court so orders.[2]

_____
Milton I. Shadur
Senior United States District Judge

Date: June 28, 2001

---

[2] This Court does not of course express any view (1) as to whether Gorzelanczyk's claims have any substantive force or (2) as to whether he may perhaps have some state court remedy available to correct any wrong that he may have sustained. All that is decided here instead is that Gorzelanczyk is not entitled to enter the federal courthouse door to assert those claims.